**Motion Granted; Appeal Dismissed and Memorandum Opinion filed September 24, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00169-CV

---

**MARY SHAVERS, ERMA HARRIS, WANDA COLLINS, DIANA OFFORD, JOEL COCKRELL, CHARLES RANDLE, WALTER DAVIS, REVERAND GILMORE, BINNIE SHELLEY, GLORIA SIMMONS, BENNY SOLOMON, MERCHERA BURRELL, JAMES BURRELL, CAROLYN RANDLE, BESSIE COCKRELL, MARY ANDERSON, ROBERT BLACKMAN, OSCAR COCKRELL, WINTER GORDON, JR, EDDIE ANDERSON, TOMMY BLACKMON, JOHN BLACKMON, DONALD RODGERS, JOYCE STEIN, ELLA BANKS, VIOLA RANDLE, ROSIE BEAL, GOKI DEVELOPMENT CORPORATION, Appellants**

**V.**

**LINEBARGER GOGGAN BLAIR & SAMPSON, FORT BEND COUNTY TAX ASSESSOR COLLECTOR, AND FORT BEND APPRAISAL DISTRICT, Appellees**

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-203712**

---

**M E M O R A N D U M   O P I N I O N**

This is an attempted appeal from an order denying appellants' application to release funds deposited for cash bond, which order was signed January 6, 2015. Appellants' attorney, Diogu Kalu Diogu, filed a notice of appeal on February 27, 2015.[1] On April 28, 2015, this court dismissed the appeal for want of prosecution because appellants failed to make payment arrangements for the clerk's record and failed to pay the appellate filing fee. On May 11, 2015, appellants paid the appellate filing fee and requested an extension of time to make arrangements to pay for the clerk's record. This court granted appellants' motions. Diogu, on behalf of the appellants, subsequently filed an affidavit of indigence alleging appellants were entitled to a free record on appeal. On August 27, 2015, the trial court sustained appellee Fort Bend Central Appraisal District's contest to appellants' affidavit. No clerk's record has been filed.

On September 4, 2015, appellee Fort Bend Central Appraisal District filed a motion to dismiss for want of jurisdiction in which it contended appellants' notice of appeal was untimely. Attached to appellee's motion are several documents filed in the trial court, including a final judgment nunc pro tunc signed January 23, 2014 and appellants' application to release funds deposited for cash bond in which appellants aver that the final judgment was entered on March 25, 2014. Appellee alleges in its motion that even if we accept appellants' representation as true, that the judgment was not final until March 25, 2014, appellants' notice of appeal is untimely. *See* Tex. R. App. P. 26.1. Appellants have filed no response to appellee's motion.

It appears from appellants' notice of appeal that they are attempting to

---

[1] It is unclear from the face of the notice of appeal whether Diogu attempts to appeal on behalf of the appellants or on his own behalf.

appeal the order denying their application for release of funds, which was signed January 6, 2015, not the final judgment signed in 2014. Therefore, even if such an order is appealable, appellant's notice of appeal filed February 27, 2015, is also untimely. *See* Tex. R. App. P. 26.1.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellants' notice of appeal was not filed within the 15-day period provided by Rule 26.3.

Accordingly, Fort Bend Central Appraisal District's motion is granted and the appeal is dismissed.[2]


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

---

[2] In the alternative, appellee argues that the trial court's order denying appellants' application for release of funds is void. Because we do not have jurisdiction over this appeal, we will not address appellee's argument.